United States District Court
Southern District of Texas
**ENTERED**
February 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN LOPEZ-LARA,<br>Movant, | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | Case No. 1:15-cv-197<br>(Criminal No. 1:12-cr-903-1) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

The Court is in receipt of Ruben Lopez-Lara's pro se 28 U.S.C. § 2255 Motion (hereinafter, Lopez-Lara's "Motion" or "§ 2255 Motion"), and supporting submissions. *See* Dkt. Nos. 1-3. The Government has filed a "Motion for Summary Judgment and Memorandum in Response to § 2255 Motion" (hereinafter, the Government's "Motion" or "Motion for Summary Judgment"). Dkt. No. 15. It is recommended that the Court grant the Government's Motion and dismiss all of the claims contained in Lopez-Lara's § 2255 Motion and supporting supplements. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Statement of the Case

On January 29, 2013, Lopez-Lara pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and § 1326(b). *See United States v. Lopez-Lara*, Criminal Action No. 1:12-cr-903-1, Dkt. No. 33 at 1.[1] On May 1, 2013, Lopez-Lara was sentenced to 48 months of imprisonment (*id.*), a sentence "below the advisory guideline range." CR Dkt. No. 34 at 3. Judgment was entered on May 10, 2013. CR Dkt. No. 33 at 1.

On or about September 30, 2013, Lopez-Lara filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (hereinafter, Lopez-Lara's "First § 2255 Motion"). *See Lopez-Lara v. United States*, 1:13-cv-178, Docket No. 1 at 44. Lopez-Lara's First § 2255 Motion asserted numerous claims. Dkt. No. 1 at 1-2, 9. His first claim asserted that his counsel failed to timely perfect a requested appeal. His third claim challenged alleged flaws in his indictment. *Id*. His remaining claims attacked the way his sentence was calculated or imposed. *Id*. Primarily, these remaining claims complained about the length of his sentence and argued that it was too long, or otherwise unreasonable. *Id*. at 16-44. After an evidentiary hearing, the Court found that Lopez-Lara was entitled to an out-of-time appeal. *See* Dkt. No. 29 (Magistrate Judge's Report and Recommendation), and Dkt. No. 32 (Order Adopting Magistrate Judge's Report and Recommendation). In light of that finding, the Court dismissed Lopez-Lara's remaining claims without prejudice,

---

[1] Hereinafter, Lopez-Lara's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their criminal case docket entry number.

vacated and reinstated his final judgment to allow him to file an out-of-time appeal, and appointed appellate counsel to represent him. Dkt. No. 32 at 1.

Through appointed counsel, Lopez-Lara filed his out-of-time appeal. CR Dkt. No. 57. His appointed counsel, Clifford Ashcroft-Smith, filed a 53-page appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* Dkt. No. 15-1 (containing a copy of Ashcroft-Smith's "*Anders* Brief"); *see also* CR Dkt. No. 72 (Order of the Court of Appeals for the Fifth Circuit, confirming the submission of Ashcroft-Smith's *Anders* Brief). In his *Anders* Brief, Ashcroft-Smith stated that a review of the relevant facts and law revealed that Lopez-Lara's appeal presented "no nonfrivolous issues for appellate review." Dkt. No. 15-1 at 70. The Fifth Circuit agreed and dismissed Lopez-Lara's appeal on August 10, 2015. CR Dkt. No. 72. The Fifth Circuit did not, however, address Lopez-Lara's ineffective assistance of trial counsel claims because it found that the record was insufficiently developed to allow for a fair evaluation of those claims. *Id.* at 1-2. The Fifth Circuit's dismissal of Lopez-Lara's appeal was without prejudice to Lopez-Lara's bringing his ineffective assistance of trial counsel claims in collateral review proceedings. *Id.*

Lopez-Lara filed his instant § 2255 Motion on or about September 16, 2015. Dkt. No. 1 at 12.[2] The Court received his § 2255 Motion on November 9, 2015. *Id.* at 1. On November 9, 2015, the Court also received Lopez-Lara's "Affidavit of Fact"

---

[2] Lopez-Lara indicates that he gave his § 2255 Motion to prison authorities for mailing on September 16, 2015. Dkt. No. 1 at 12. The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

(hereinafter, Lopez-Lara's "Affidavit"), and a document entitled "Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 Second or Successive" (hereinafter, Lopez-Lara's "Memorandum in Support"). Dkt. Nos. 2-3.[3] Lopez-Lara's § 2255 Motion, Affidavit, and Memorandum in Support assert the following six claims:

1. "THE DISTRICT COURT ERRED WHEN IT APPLIED 16 LEVELS OF ENHANCEMENT AND 3 POINTS FOR AN OFFENSE OF MORE THAN 15 YEARS." Dkt. No. 1 at 6 (emphasis in original); *see also* Dkt. No. 3 at 2, 14.

2. "THE PSR'S [CRIMINAL HISTORY] CATEGORY IV CLASSIFICATION OCERSTATE THE SERIOUSNESS OF THE PETITIONER'S CRIMINAL HISTORY." Dkt. No. 1 at 4 (errors and emphasis in original); *see also* Dkt. No. 2 at 2; Dkt. No. 3 at 2, 14.

3. "THE ADJUSTED OFFENSE CALCULATION OF 21 OVERSTATE THE SERIOUSNESS OF THE OFFENSE[.]" Dkt. No. 1 at 5 (errors and emphasis in original); *see also* Dkt. No. 2 at 2; Dkt. No. 3 at 2, 14.

4. "THE INDICTMENT WAS DEFICIENT." Dkt. No. 3 at 2 (emphasis in original).

5. "DURING THE APPEAL PROCESS [COUNSEL] WAS INEFFECTIVE WHEN HE DID NOT PRESENT STRONG ISSUES THAT THERE ARE IN THIS CASE TO PRESENT A GOOD BRIEF OF APPEAL." Dkt. No. 3 at 14 (errors and emphasis in original); *see also* Dkt. No. 1 at 6-7; Dkt. No. 2 at 2.

6. "[H]e was deprived of his Sixth Amendment right to effective assistance of counsel based on the cumulative effects of trial counsel's multiple errors." Dkt. No. 3 at 1.[4]

---

[3] Because Lopez-Lara's Memorandum in Support supplements his § 2255 Motion and concerns the same claims as those contained in his § 2255 Motion, the Court construes it as a supplemental memorandum, rather than a separate, additional § 2255 motion.

[4] The Court has reordered Lopez-Lara's claims.

The Government argues that Lopez-Lara's claims are all subject to summary judgment, and that an evidentiary hearing is neither required, nor appropriate. Dkt. No. 15 at 1, 6, 17-18. Lopez-Lara has not responded to the Government's Motion for Summary Judgment.

### III. Legal Standards

**A. 28 U.S.C. § 2255**. Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**B. Ineffective Assistance of Counsel**. The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1405 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings — including the

plea-bargaining process. *Laffler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Laffler*, 132 S.Ct. 1376, 1385-1386. The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230

(5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

    In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. 362, 391; *Strickland*, 466 U.S. at 694.

    The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

    Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *See*

*Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

**C. Federal Rule of Civil Procedure 56.** The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531

U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Additionally, courts must construe the pleadings of pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, "bare, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983). "Thus, a district court does not commit error when it disposes of a habeas petitioner's claims without holding a full-fledged evidentiary hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record." *Id.*

### IV. Discussion

As noted above, Lopez-Lara's § 2255 Motion, Affidavit, and Memorandum in Support assert the following six claims:

1. "THE DISTRICT COURT ERRED WHEN IT APPLIED 16 LEVELS OF ENHANCEMENT AND 3 POINTS FOR AN OFFENSE OF MORE THAN 15 YEARS." Dkt. No. 1 at 6 (emphasis in original); *see also* Dkt. No. 3 at 2, 14.

2. "THE PSR'S [CRIMINAL HISTORY] CATEGORY IV CLASSIFICATION OCERSTATE THE SERIOUSNESS OF THE PETITIONER'S CRIMINAL HISTORY." Dkt. No. 1 at 4 (errors and emphasis in original); *see also* Dkt. No. 2 at 2; Dkt. No. 3 at 2, 14.

3. "THE ADJUSTED OFFENSE CALCULATION OF 21 OVERSTATE THE SERIOUSNESS OF THE OFFENSE[.]"

      Dkt. No. 1 at 5 (errors and emphasis in original); *see also* Dkt. No. 2 at 2; Dkt. No. 3 at 2, 14.

4.   "THE INDICTMENT WAS DEFICIENT." Dkt. No. 3 at 2 (emphasis in original).

5.   "DURING THE APPEAL PROCESS [COUNSEL] WAS INEFFECTIVE WHEN HE DID NOT PRESENT STRONG ISSUES THAT THERE ARE IN THIS CASE TO PRESENT A GOOD BRIEF OF APPEAL." Dkt. No. 3 at 14 (errors and emphasis in original); *see also* Dkt. No. 1 at 6-7; Dkt. No. 2 at 2.

6.   "[H]e was deprived of his Sixth Amendment right to effective assistance of counsel based on the cumulative effects of trial counsel's multiple errors." Dkt. No. 3 at 1.

**A. Claims 1-4**. The Government states that Lopez-Lara's appellate counsel, Ashcroft-Smith, addressed the first four of the above-listed claims in his *Anders* Brief. Dkt. No. 15 at 7. The Government notes that the Court of Appeals for the Fifth Circuit agreed with Ashcroft-Smith's conclusion that Lopez-Lara's appeal presented no nonfrivolous issues for appellate review. *Id.* As such, the Government argues that these four claims are subject to dismissal because they are claims which may not be litigated anew. *Id.* (citing *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Cervantes-Garcia*, Civ. No. 5:10-cv-105, 2011 WL 31871, *1 (S.D. Tex. Jan. 5, 2011)).

Alternatively, to the extent that claims 1-4 could be construed as an attempt to raise claims not addressed in Ashcroft-Smith's *Anders Brief*, the Government asserts that the claims would be procedurally defaulted. Dkt. No. 15 at 7, 13, 16. To the extent that those claims are an attempt to challenge the District Court's

technical application of the United States Sentencing Guidelines, the Government contends that the claims would not be cognizable under 28 U.S.C. § 2255. *Id.*

A review of Ashcroft-Smith's *Anders* Brief reveals that claims 1-4 were addressed by the assessment contained in the *Anders* Brief. *Compare* Dkt. No. 15-1 at 23-32, 42-53, 60-68, *with* Dkt. No. 1 at 4-7, *and* Dkt. No. 3 at 2, 15-25. In fact, as the Government accurately notes, Lopez-Lara's instant claims borrow statements from the *Anders* Brief almost word-for-word. Dkt. No. 15 at 13. But, in transcribing Ashcroft-Smith's arguments, Lopez-Lara reverses the conclusions reached by Ashcroft-Smith by omitting "words such as 'not' and 'no,'" and changing "words like 'proper' to 'improper.'" *Id.* Ashcroft-Smith concluded his *Anders* Brief by stating that a review of the relevant facts and law revealed that Lopez-Lara's appeal presented "no nonfrivolous issues for appellate review." Dkt. No. 15-1 at 70. Lopez-Lara filed a pro se response to the *Anders Brief*, wherein he argued that Ashcroft-Smith's assessment was incorrect. Dkt. No. 15-2 at 2-9. The Fifth Circuit agreed with Ashcroft-Smith's assessment and dismissed Lopez-Lara's appeal. CR Dkt. No. 72.

The tenet that collateral challenges "may not do service for an appeal" is well established. *United States v. Frady*, 456 U.S. 152, 165 (1982). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986*); United States v. Webster*, 392 F.3d 787, 791 & n. 5 (5th Cir. 2004) (same); *see also White v. United States*, 371 F.3d 900,

901–03 (7th Cir. 2004) (presentation of claim in *Anders* brief and acceptance of *Anders* brief conclusion by appellate court is a binding determination that the claim has no merit). Lopez-Lara has produced no new evidence or law, or otherwise demonstrated that the Fifth Circuit's decision on appeal was erroneous. Thus, in light of the Fifth Circuit's agreement with Ashcroft-Smith's *Anders* Brief assessment, this Court need not entertain claims 1-4 here. *See id; see also Resendez-Gonzalez v. United States,* Civil Action No. 3:17–CV–261, 2018 WL 278675, at *2 (S.D. Tex., Jan 3, 2018) (rejecting § 2255 movant's claims where *Anders* brief revealed claims were frivolous, and Fifth Circuit agreed with *Anders*-brief assessment); *United States v. Cervantes-Garcia*, Civil Case No. 5:10–cv–105, 2011 WL 31871, at *3 (S.D. Tex., Jan. 5, 2011) (same); *Malone v. United States*, Civil Action No. 5:08–CV–80, 2010 WL 56000, at *2 (E.D. Tex. Jan 5, 2010) (same).

Moreover, to the extent that it could be argued that Lopez-Lara did not raise claims 1-4 on appeal, he must show cause for his failure to raise the claims on appeal, and that he has suffered prejudice as a result. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000) ("A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."). In an attempt to meet this burden, Lopez-Lara blames Ashcroft-Smith for: (1) failing to "search for issues" to present on appeal; (2) submitting an *Anders* Brief which indicates that Lopez-Lara's instant claims have no merit. Dkt. No. 1 at 6-7; Dkt. No. 3 at 26. Nevertheless, Lopez-Lara's § 2255

Motion and supporting submissions do not identify any legal or factual inaccuracies in the *Anders* Brief. *See generally*, Dkt. Nos. 1-3. Likewise, his § 2255 Motion and supporting submissions do not identify any other appealable issues that Ashcroft-Smith could have raised, but did not. *See id.* Lopez-Lara has not met his burden.

Finally, to the extent that Lopez-Lara is attempting to challenge the District Court's technical application of the United States Sentencing Guidelines, his claims are not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."). Accordingly, for all of the foregoing reasons, claims 1-4 should be dismissed.

**B. Claim 5**. Lopez-Lara contends that Ashcroft-Smith provided him with ineffective assistance when he: (1) failed to "search for issues" to present on appeal; (2) submitted an *Anders* Brief which indicates that Lopez-Lara's instant claims have no merit. Dkt. No. 1 at 6-7; Dkt. No. 3 at 26. As noted above, however, Lopez-Lara's § 2255 Motion and supporting submissions do not identify any legal or factual inaccuracies in the *Anders* Brief. *See generally*, Dkt. Nos. 1-3. Likewise, his § 2255 Motion and supporting submissions do not identify any other appealable issues that Ashcroft-Smith could have raised, but did not. *See id.* Lopez-Lara's assertions that his instant claims have merit are conclusory, as are his assertions that he received ineffective assistance of counsel on appeal. His ineffective assistance of counsel claim should be dismissed.

**C. Claim 6**. Lopez-Lara contends that he "was deprived of his Sixth Amendment right to effective assistance of counsel based on the cumulative effects of trial counsel's multiple errors." Dkt. No. 3 at 1. Lopez-Lara does not elaborate upon this claim, or otherwise identify his trial counsel's alleged errors. *See generally* Dkt. Nos. 1-3. In fact, his allegation here is so conclusory that the Government has not construed it as a claim. *See* Dkt. No. 15 at 6 (containing the Government's summary of Lopez-Lara's claims). To the extent that Lopez-Lara is attempting to suggest that his counsel erred in failing to challenge his indictment or the way his sentence was calculated or imposed, his claim fails. As noted above, his allegations about his indictment and sentencing are conclusory and fail to disturb the Fifth Circuit's conclusion that his case lacked non-frivolous issues for appeal. Thus, presuming that Lopez-Lara intended to raise an ineffective assistance of trial counsel claim, he has demonstrated neither ineffectiveness, nor prejudice. *See Strickland*, 466 U.S. 668, 687 (1984) (defendant may not prevail on a claim of ineffective assistance of counsel without showing ineffective performance on the part of counsel, and prejudice as a result). His sixth and final claim should be dismissed.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Lopez-Lara has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that the Court grant the Government's Motion for Summary Judgment (Dkt. No. 15), and dismiss all of the claims contained in Lopez-Lara's § 2255 Motion and supporting supplements. *See* Dkt. Nos. 1-3. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 14th day of February, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**